**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**[3] CHRISTIAN JONUEL ESCALERA-<br>MALDONADO,**<br>Defendant. | **CRIMINAL NO. 21-001 (CVR)**<br><br>**TYPE C** |

RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

Digitally signed
by Maria Luz Diaz
Date: 2024.02.06
14:13:39 -04'00'

**PLEA AND FORFEITURE AGREEMENT
PURSUANT TO RULE 11(c)(1)(C)**

**TO THE HONORABLE COURT:**



The United States of America, the Defendant, Christian Jonuel Escalera-Maldonado, and the Defendant's counsel, Ian Carlos García-Ferreras, Esq., pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), state that they have reached a Plea Agreement, the terms, and conditions of which are as follows:

### 1. Charges to which the Defendant will Plead Guilty

The Defendant agrees to plead guilty to the lesser included drug weight in Count Three and to Count Four of the Superseding Indictment. As charged, Count Three of the Superseding Indictment Provides:

Count Three:   Beginning on an unknown date and continuing to on or about December 18, 2020, from places outside of the customs territory of the United States, including the U.S. Virgin Islands, Christian Jonuel Escalera-Maldonado, the defendant herein, knowingly and intentionally combined, conspired, confederated, and agreed together with others, known and unknown to commit the following offense

against the United States, specifically: to import into the United States from any place outside thereof, five kilograms or more of a mixture or substance containing detectable amount of cocaine, a schedule II narcotic controlled substance. All in violations of 21 U.S.C. §§ 952(a), 960(b)(1)(B), and 963.

However, the Defendant agrees to plead guilty to the lesser included drug weight in Count Three of the superseding Indictment, that is, a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance. All in violation of 21 U.S.C. 21 U.S.C. §§ 952(a), 960(b)(3), and 963.

As charged, Count Four of the Superseding Indictment provides:

Count Four:  On or about December 18, 2020, in the District of Puerto Rico and within the jurisdiction of this Court, Christian Jonuel Escalera-Maldonado, the Defendant herein, aiding and abetting others, did knowingly possess four firearms, specifically: one 9mm Glock Pistol, Model 2, serial number LHF192; one .40 Caliber Glock pistol, model 27, with an obliterated serial number; one .357 caliber Glock pistol, model 33, serial number HMA762; and one .40 caliber Glock pistol, model 23 serial number TFM555, all in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States. All in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2.

## 2. Stipulation as to the Amount of Narcotics

Notwithstanding Defendant's guilty plea to a lesser included drug weight for purposes of the applicable statutory penalties, the United States of America and the

Defendant, stipulate and agree that, for sentencing guideline purposes, the Defendant shall be held accountable for the possession with intent to distribute of at least five-hundred grams but less than two kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance.

### 3. Maximum Penalties

Count Three: For purposes of this plea agreement, based on Defendant's guilty plea to a lesser included drug weight of a mixture or substance containing a detectable amount of cocaine, is a term of imprisonment of not more than twenty years; a fine not to exceed $1,000,000; and a supervised release term of at least three years, all pursuant to 21 U.S.C. §§ 952(a) and 960(b)(3).

Count Four: The maximum statutory penalty for the offense charged in Count Four of the Indictment, is a term of imprisonment of not less than five years and up to life in prison pursuant to 18 U.S.C. § 924(c)(1); a fine not to exceed two hundred and fifty thousand dollars pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than five years, pursuant to 18 U.S.C. § 3583(b)(1).

### 4. Sentencing Guidelines Applicability

The Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, the Defendant acknowledges that parole has been abolished, and that the imposition of the

Defendant's sentence may not be suspended.

## 5. Special Monetary Assessment

The Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

## 6. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order the Defendant to pay a fine. The Court may also impose restitution. The Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

## 7. Rule 11(c)(1)(C) Warnings

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties have agreed to recommend to the Court a term of imprisonment of forty-six months of imprisonment as to Count Three, and a term of imprisonment of sixty months as to Count Four, that will run consecutively to the term of imprisonment imposed for Count Three.

The Defendant understands that the Court may either accept or reject this sentencing recommendation, as more specifically described below:

(a) Should the Court accept the sentencing recommendation, the Court would

sentence the Defendant to the agreed upon sentencing recommendation;

(b) Should the Court reject the sentencing recommendation, the Court would allow the Defendant an opportunity to withdraw the Defendant's guilty plea. In this event, should the Defendant not withdraw the guilty plea, then the Court could dispose of the case less favorable toward the Defendant than the plea agreement contemplated. Should the Court reject the sentencing recommendation, the United States would have the right to withdraw from the plea agreement entirely.

## 8. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and the Defendant submit that the advisory Guidelines calculations listed below apply to the Defendant. However, the Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

[Space Intentionally Left Blank]

| SENTENCING GUIDELINES CALCULATIONS COUNT THREE 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(1)(B)(ii), 963 | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2D1.1(c)(7) (At least 500G but less than 2 KG of cocaine) | | | | 24 | |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | -3 | |
| **TOTAL ADJUSTED OFFENSE LEVEL** | | | | **21** | |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 37-46 | 41-51 | 46-57 | 57-71 | 70-87 | 77-96 |



| SENTENCING GUIDELINES CALCULATIONS COUNT FOUR 18 U.S.C. § 924(c)(1)(A) | |
|---|---|
| A minimum consecutive term of imprisonment of sixty months is mandatory, with a maximum of life | 60 months (to run consecutively to the sentence imposed for Count One outlined above) |

CJ.E

## 9. Sentence Recommendation

As to Count Three, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the parties will request a sentence of imprisonment of forty-six months, regardless of the criminal history category determined by the Court.

As to Count Four, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the parties will request a sentence of imprisonment of sixty months, regardless of the criminal history category determined by the Court, to be served consecutive to the term of imprisonment in Count Three and any other sentence.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

## 10. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for the Defendant.

## 11. Waiver of Appeal



The Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is one-hundred-six months or less, the Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 12. No Further Adjustments or Departures

The United States and the Defendant agree that no further adjustments or departures to the Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by the Defendant. The parties agree that any request by the Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 13. Satisfaction with Counsel

The Defendant is satisfied with counsel, Ian Carlos García-Ferreras, Esq., and asserts that counsel has rendered effective legal assistance.

## 14. Rights Surrendered by the Defendant Through Guilty Plea

The Defendant understands that by entering into this Plea Agreement, the Defendant surrenders and waives certain rights as detailed in this agreement. The Defendant understands that the rights of criminal defendants include the following:

a. If the Defendant had persisted in a plea of not guilty to the charges, the Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the Defendant, the United States, and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The Defendant and the Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, that it could not convict the Defendant unless, after hearing all the evidence, it was persuaded of the Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against the Defendant. The Defendant would be able to confront those witnesses and the Defendant's attorney would be able to cross-examine them. In turn, the Defendant could present witnesses and other evidence on the Defendant's own behalf. If the witnesses for

the Defendant would not appear voluntarily, the Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from the Defendant's refusal to testify. If the Defendant desired to do so, the Defendant could testify on the Defendant's own behalf.

### 15. Stipulation of Facts



The accompanying Stipulation of Facts signed by the Defendant is hereby incorporated into this Plea Agreement. The Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. The Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

### 16. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and the Defendant. It does not bind any other federal district, state, or local authorities.

### 17. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, the Defendant, and the Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

## 18. Amendments to Plea Agreement

No other promises, terms, or conditions will be entered into between the parties unless they are in writing and signed by all parties.

## 19. Dismissal of Remaining Counts

At sentencing should there be any pending counts, and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against the Defendant in this case.

## 20. Voluntariness of Plea Agreement

The Defendant acknowledges that no threats have been made against the Defendant and that the Defendant is pleading guilty freely and voluntarily because the Defendant is guilty.

## 21. Breach and Waiver

The Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, the Defendant: (a) fails to perform or to fulfill completely each and every one of the Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw the Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and the Defendant will not have the right to withdraw the guilty plea. Moreover, the Defendant agrees that if the Defendant is in breach of the Plea Agreement, the Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment,

Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 22. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), the Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 23. Felony Conviction



The Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

### 24.    Firearms and Ammunition Forfeiture

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), The Defendant agrees to forfeit the Defendant's rights and interest any firearms and ammunition involved or used in the commission of the offense, including, but not limited to: one 9mm Glock Pistol, Model 2, serial number LHF192; one .40 Caliber Glock pistol, model 27, with an obliterated serial number'; one .357 caliber Glock pistol, model 33, serial number HMA762; and one .40 caliber Glock pistol, model 23 serial number TFM555.

## 25. Forfeiture Provision

The Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, or federal. The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise the Defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Defendant's guilty plea is accepted.

The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

The Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture is not grossly disproportionate to the gravity of the offense conduct to

which the Defendant is pleading guilty. The Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to and will survive the Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the Defendant had survived, and that determination shall be binding upon the Defendant's heirs, successors and assignees until the agreed forfeiture, including any agreed money judgment, is collected in full.

W. Stephen Muldrow
United States Attorney


_____
Max Pérez-Bouret
Assistant U.S. Attorney, Chief
Transnational Organized Crime Section
Dated: 1/4/2024


_____
Maria L. Montañez-Concepción
Assistant U.S. Attorney, Deputy Chief
Transnational Organized Crime Section
Dated: 1/4/2024


_____
Antonio J. López-Rivera
Assistant U.S. Attorney
Transnational Organized Crime Section
Dated: 1/4/24


_____
Ian Carlos Garcia-Ferreras, Esq.
Counsel for Defendant
Dated: 2/2/2024


Christian J. Escalera
_____
Christian Jonuel Escalera-Maldonado
Defendant
Dated: 2/2/2024

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 2/2/2024

Christian J. Escalera

Christian Jonuel Escalera-Maldonado
Defendant

I am the attorney for the Defendant. I have fully explained the Defendant's rights to the Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to the Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with the Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of the Defendant's plea of guilty.

Date: 2/2/2024

Ian Carlos García-Ferreras
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant—Christian Jonuel Escalera-Maldonado admits that the Defendant is guilty as charged in the Indictment and admits the following:

Beginning on an unknown date and continuing to on or about December 18, 2020, from places outside of the customs territory of the United States, including the U.S. Virgin Islands, Christian Jonuel Escalera-Maldonado, the defendant, knowingly and intentionally combined, conspired, confederated, and agreed together with others, known and unknown to commit the following offense against the United States, specifically: to import into the United States from any place outside thereof, a mixture or substance containing detectable amount of cocaine, a schedule II narcotic controlled substance.

Further on December 18, 2020, in the District of Puerto Rico, the Defendant, aiding and abetting others, did knowingly possess four firearms, specifically: one 9mm Glock Pistol, Model 2, serial number LHF192; one .40 Caliber Glock pistol, model 27, with an obliterated serial number; one .357 caliber Glock pistol, model 33, serial number HMA762; and one .40 caliber Glock pistol, model 23 serial number TFM555, all in furtherance of a drug trafficking crime.

Specifically on December 18, 2020, the Defendant along with another individual, on a Mako Vessel, leave Las Croabas, in Puerto Rico toward St. Thomas. At approximately 8:50 a.m., Customs Protection agents observed the Mako Vessel traveling north of the USVI and eventually enter the Stumpy Bay area of St. Thomas.

At approximately 9:50 a.m., the Mako Vessel departed from Stumpy Bay and began travelling back towards Puerto Rico.

At approximately 10:30 a.m., CBP agents approached and interdicted the Mako Vessel with two individuals onboard. One of the individuals was identified as Christian Jonuel Escalera-Maldonado. The captain, Coconspirator 2, gave consent to law enforcement to search the boat and Law enforcement agents located a hidden compartment on the boat and found three duffel bags that contained 69 brick shaped packages. A DEA Southeast Laboratory report revealed that the contents those brick-shaped packages contained cocaine with a net weight of 69.5 kilograms.

At approximately 10:30 a.m., Coconspirator 1 directed another individual, who was aboard Coconspirator 1's Jeep, to go back to Las Croabas because the Mako Vessel was returning to Puerto Rico. Law enforcement detained the individual in the Jeep and recovered four loaded handguns—one of which had an obliterated serial number—from the rear luggage area of the Coconspirator 1's Jeep.

The Defendant admits that he conspired with others to possess with intent to distribute at least 500 grams but less than 2 kilograms of cocaine, and the four loaded handguns recovered from the Jeep.

[Intentionally Left Blank]

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

At trial, the United States would have proven beyond a reasonable doubt that defendant Christian Jonuel Escalera-Maldonado is guilty as charged in Count Three and Count Four of the Indictment. Discovery was timely made available to the Defendant for review.

_____
Antonio J. López-Rivera
Assistant U.S. Attorney
Dated: 1/4/24

_____
Ian Carlos García-Ferreras, Esq.
Counsel for Defendant
Dated: 2/2/2021

Christian J. Escalera
_____
Christian Jonuel Escalera-Maldonado
Defendant
Dated: 2/2/2024